UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ADEDAYO BENSON**, | ) | Case No. 4:08 CV 0469 |
| | ) | |
| Plaintiff, | ) | Judge Peter C. Economus |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| **CORRECTIONS CORPORATION** | ) | |
| **OF AMERICA, et al.,** | ) | (Regarding ECF # 19) |
| | ) | |
| Defendants. | ) | Magistrate Judge James S. Gallas |
| | ) | |

On February 26, 2008 Adedayo Benson filed his complaint over lack of strict compliance with the Islamic diet ("halal") provided to him as a prisoner in federal custody at the Northeast Ohio Correctional Center (NEOCC).  He claims to be an adherent of Islam and he attached exhibits including one from http://www.jews-for-allah.org together with passages from the Koran which explain the similarities and differences between the halal diet and the kosher diet.  His claims commence with November 2007, when he allegedly was not permitted to receive a halal diet with meat, but was forced to choose between receiving the regular pork-free diet and a vegetarian diet with fish.  Benson brings suit under 42 U.S.C. § 1983 for violations of his right to free exercise of religion under the First Amendment; the Religious Freedom Restoration Act ("RFRA"), codified at 42 U.S.C. § 2000bb; and, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), codified at 42 U.S.C. § 2000cc. Benson also alleges he was denied equal protection in violation of the Fifth Amendment because the religious diet offered to Jewish inmates contained meat, whereas the religious diet offered to Muslims and members of other faith groups did not. Defendants have answered and have moved for summary judgment. (ECF # 19). Their motion states that Benson is

4:08 CV 0469                                                     2

a foreign national who stands convicted of identity theft under three counts of violations of 18 U.S.C. 1029, fraud and related activity in connection with access devices indicates. Defendants indicate in their motion that it was served by mail on Benson on April 23, 2009 at addresses of both the Northeast Correctional Center and the Bureau of Immigration and Customs Enforcement. Benson, though, has not responded, nor provided an alternate address.

*Standard of review:*

Under Rule 56 of the Federal Rules of Civil Procedure granting a motion for summary judgment is only proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In determining whether there is a genuine issue of material fact all inferences drawn from the underlying facts contained in affidavits, pleadings, responses to discovery requests, and depositions must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). A court must inquire "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court may not make credibility determinations or weigh the evidence when ruling on a motion for summary judgment. *Anderson*, 477 U.S. at 255. The burden is upon the movant to demonstrate the absence of a genuine issue of material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979), *cert. dismissed* 444 U.S. 986 (1979). However, the nonmoving party is obliged to produce some

4:08 CV 0469                                                   3

evidence other than mere pleadings themselves to demonstrate that there is a genuine issue for trial. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party must produce significant probative evidence in support of the complaint to defeat the motion for summary judgment through affidavits or admissions on file. *Moore v. Phillip Morris Cos., Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993). In the final analysis, "the threshold inquiry . . . [is] whether there is a need for trial -- whether in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250; *Moore*, 8 F.3d at 340. Once the nonmoving party has responded , the court must view the facts in the light most favorable to the nonmoving party. *Darrah v. City of Oak Park,* 255 F.3d 301, 304 n.1 (6th Cir. 2001).

Summary judgment, though, is not to be equated with default judgment when a motion is unopposed. Rule 56 requires a court, even where the motion is unopposed, to determine when the moving party has established a right to relief as a matter of law and that no genuine issue of material fact exists before the court may enter summary judgment. *Donlin v. Watkins*, 814 F.2d 273, 277 (6th Cir. 1987); *Kendall v. Hoover Co.*, 751 F.2d 171, 173-74 (6th Cir. 1974).

*RLUIPA and RFRA:*

The Religious Land Use and Institutionalized Persons Act regulates governmental activities. "RLUIPA defines "government" as including States and their agencies and departments, as well as persons acting under color of State law. 42 U.S.C. § 2000cc-5(4)(A)." *Cardinal v. Metrish* 564 F.3d 794, 798 (6th Cir. 2009). Is it is undisputed that Benson is an inmate under Federal custody, detained

4:08 CV 0469                                                    4

at NEOCC under color of Federal law. There are no implied private rights of action against "private entities" acting under color of Federal law. See *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001). The RLUIPA does not apply to Federal prison inmates. *Moore v. Cross*, 2007 WL 835417 at *11(D. Minn. 2007). [1]

The Religious Freedom Restoration Act imposes strict scrutiny where the government "substantially burdens a person's exercise of religion, even if that burden results from a rule of general applicability."42 U.S.C. § 2000bb-1(a); and see *Cutter v. Wilkinson*, 423 F.3d 579, 582 (6th 2005),  Such strict scrutiny is only applied after a plaintiff makes an "initial showing" that the

---

[1] As explained in *Moore v. Cross,* at 11 -12:

RLUIPA was enacted in 2000 to resurrect the language of the Religious Freedom Restoration Act of 1993 ("RFRA"), Title 42 U.S .C. § 2000bb-1, after the Supreme Court determined, in *City of Boerne v. Flores*, 521 U.S. 507, 536 (1997), that RFRA was unconstitutional, as applied to State and local governments. See, *Murphy v. Missouri Dept. of Corrections*, 372 F.3d 979, 987 (8th Cir.2004). As enacted, "RLUIPA deals exclusively with state, rather than federal, prisons." *Lovelace v. Lee*, 472 F.3d 174, 217 (4th Cir.2006), citing *Turner,* 482 U.S. at 85; see also, *Madison v. Virginia*, 474 F.3d 118, *2 (4th Cir.2006)(RLUIPA "prohibits the States from imposing substantial and unjustified burdens on the religious liberty of state prisoners."); *Nelson v. Miller*, 2007 WL 294276 at * 9 (S.D.Ill., January 30, 2007); *Presley v. Edwards*, 2007 WL 174153 at * 13 (M.D.Ala., January 19, 2007).

However, the holding in *City of Boerne v. Flores*, supra, did not challenge the constitutionality of the RFRA as applied to the Federal government. See, *Gonzales v. O Centro Espirita Beneficiente Uniao Do Vegetal*, 546 U.S. 418, 126 S.Ct. 1211, 1216-17 (2006); *Cutter v. Wilkinson*, 544 U.S. 709, 715 n. 2 (2005)("RFRA, Courts of Appeals have held, remains operative as to the Federal Government and federal territories and possessions."); *In re Young*, 141 F.3d 854, 856 (8th Cir.1998)("RFRA is constitutional as applied to federal law.")[emphasis in original]. All of the parties and practices in the Plaintiff's claim are alleged against the Federal government, and therefore, given his pro se status, we are inclined read the Plaintiff's claim as brought under the RFRA, rather than RLUIPA

4:08 CV 0469                                                  5

challenged policy "imposes a substantial burden on his religious exercise." *Hoevenaar v. Lazaroff*, 422 F.3d 366, 368 (6th Cir. 2005); *Weinberger v. Grimes,* 2009 WL 331632 at *5 (6th Cir. Feb. 10, 2009). "To exceed the substantial burden threshold, government regulations must significantly inhibit or constrain conduct or expression that manifest some central tenant of the prisoner's beliefs, must meaningfully curtail a prisoner's ability to adhere to his faith, or must deny a prisoner reasonable opportunities to engage in those activities that are fundamental to a prisoner's religion." *Flick v. Leonard*, No. 95-1559, 1996 WL 153914 at *1 (6th Cir. Apr. 2, 1996) (citing *Werner v. McCotter*, 49 F.3d 1476, 1480 (10th Cir.), *cert denied*, 115 S.Ct. 2625 (1995). Only after a substantial burden is found, does the burden of persuasion shift to prison administrators to show that the challenged policy furthers a "compelling governmental interest" and is the "least restrictive" means of doing so. Since there is no genuine issue of disputed material fact that Plaintiff's religious exercise was not substantially burdened, the court need not engage in any strict scrutiny analysis.

Muslims have various ways to practice their religion including a pork-free, vegetarian diet. See *Williams v. Morton*, 343 F.3d 212, 219 (3rd Cir. 2003). Benson never alleges that the consumption of animal protein is "required", "mandatory" or "compulsory". See *Weinberger v. Grimes,* 2009 WL 331632 at *4-5  Indeed, none of the "authorities" attached to the complaint suggest or imply that the consumption of animal protein is required in order to adhere to the Islamic faith.  Benson concedes that he is provided with the alternate vegetarian diet, and this is a reasonable alternative rationally related to legitimate penological interests in simplified food service, security and staying within the prison's budget. See *Williams v. Morton*, 343 F.3d at 219; *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813-815 (8th Cir. 2008).

4:08 CV 0469                                                          6

*No Constitutional Claim for Denial of Free Exercise of Religion or Denial of Equal Protection:*

Benson raises 42 U.S.C. §1983 in his assertion of deprivation of First Amendment rights. Defendants, though, were not acting under color of State law, but Federal law. *In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court created a private right of action for damages against federal officers who are alleged to have violated a citizen's constitutional rights. See *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66, 122 S.Ct. 515, 519, 151 L.Ed.2d 456 (2001); *Bivens*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). However, as explained in *Malesko, Bivens* does not extend to "private entities" acting under color of Federal law. *Id.*, 534 U.S. at 64.

Assuming that it did, it is doubtful that a *Bivens* action itself would extend to a Free Exercise claim. See *Patel v. U.S. Bureau of Prisons*, 515 U.S. at 813 n. 6 (citing *Malesko*, 534 U.S. at 68), but see *Ashcroft v. Iqbal*, -U.S. -, 129 S.Ct. 1937, 1948, 173 L.Ed. 2d 868 (2009)(Supreme Court assumes without deciding that a First Amendment claim is actionable under *Bivens*.). Benson has, in any event, failed to support his claim that his right to practice his religion was substantially burdened and defendants have established that the accommodation provided was reasonably related to penological interests. See *Patel*, 515 F. 3d at 815; *Williams*, 343 F.3d at 219.

As for Benson's equal protection claim based on alleged favoritism of prisoners receiving a kosher diet, Benson " must show that the decision to serve kosher entrées but not halal entrées was

4:08 CV 0469 7

motivated by intentional or purposeful discrimination." *Patel v. U.S. Bureau of Prisons* 515 F.3d at 816. [2] Benson has not presented evidence that defendants acted with discriminatory purpose.

### CONCLUSION AND RECOMMENDATION

It is recommended that Defendants' motion for summary judgement (ECF #19) be granted as Benson has failed to demonstrate the existence of a genuine issue of material fact for trial, and that judgment be entered against Benson and the case dismissed.

s/James S. Gallas<br>United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: July 14, 2009

---

[2] A *Bivens*-based cause of action may be brought under the Fifth Amendment's equal protection component of the due process clause. See *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); *Malesko*, 534 U.S. at 67.